UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                         :

**GEREMIAS FLORENCIO ESTRADO CARDONA**,

                      Petitioner,

          – against –

**KRISTI NOEM, in her official capacity as Secretary of Homeland Security; PAMELA BONDI, in her official capacity as Attorney General; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; WILLIAM P. JOYCE, in his official capacity as Acting Field Office Director of New York City Field Office of Immigration and Customs Enforcement; DORA CASTRO, in her official capacity as Warden of the Otero County Processing Center**,

                      Respondents.
------------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

26-CV-48 (AMD)

**ANN M. DONNELLY**, United States District Judge:

On January 5, 2026, the petitioner Geremias Florencio Estrado Cardona filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The petitioner "is currently detained by [Immigration and Customs Enforcement ("ICE")] at the Otero County Processing Center in Chaparral, New Mexico," and is seeking "immediate release." (ECF No. 1 ¶¶ 40, 100.)

For habeas petitions "request[ing] release from confinement," "'jurisdiction lies in only one district: the district of confinement.'" *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025). (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Because the petitioner is not detained

in the Eastern District of New York, the Court ordered the petitioner to show cause why the case should not be transferred to the District of New Mexico.  (*ECF Order dated Jan. 5, 2026.*)  The petitioner responded on January 6, 2026, "acknowledg[ing] the general rule articulated in Rumsfeld v. Padilla, 542 U.S. 426 (2004), and Trump v. J.G.G., 604 U.S. 670 (2025), that jurisdiction over a habeas petition seeking release from confinement lies in the district of confinement," and that the petitioner "does not oppose transfer of this action to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631."  (ECF No. 3 at 1.)

Because the petitioner "is currently detained . . . at the Otero County Processing Center in Chaparral, New Mexico," and is seeking "immediate release," he must bring this action in the District of New Mexico.  (ECF No. 1 ¶¶ 40, 100.)  *See Trump v. J. G. G.*, 604 U.S. at 672; *see also id.* ("The detainees are confined in Texas, so venue is improper in the District of Columbia.").  Accordingly, the Court transfers this action to the United States District Court for New Mexico pursuant to 28 U.S.C. §§ 1406(a) and 1631.

**SO ORDERED.**

_s/Ann M. Donnelly_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      January 8, 2026